**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 24-4139**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DONTRELL BARNES,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:23-cr-00094-D-1)

Submitted:  April 10, 2025                     Decided:  April 18, 2025

Before WILKINSON and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dontrell Barnes seeks to appeal the district court's judgment after pleading guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. On appeal, Barnes' attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court erred in overruling his objection to a sentencing enhancement. The Government has moved to dismiss the appeal as barred by Barnes' appeal waiver. Barnes filed a pro se supplemental brief raising additional issues. We dismiss in part and affirm in part.

"We have consistently held that appellate waivers in valid plea agreements are enforceable." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). But, there is "a 'narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights.'" *United States v. Moran*, 70 F.4th 797, 802 n.3 (4th Cir. 2023).

"For example, [n]o appeal waiver . . . can bar a defendant's right to challenge his sentence as outside a statutorily prescribed maximum or based on a constitutionally impermissible factor such as race." *United States v. Toebbe*, 85 F.4th 190, 202 (4th Cir. 2023) (internal quotation marks omitted). "In such circumstances, we have explained, 'the errors allegedly committed by the district courts were errors that the defendants could not have reasonably contemplated when the plea agreements were executed.'" *Id.* Moreover,

2

"the existence of such a waiver does not bar our review of the validity of the guilty plea and plea waiver." *United States v. Taylor-Sanders*, 88 F.4th 516, 522 (4th Cir. 2023).

"[T]o be constitutionally valid, a plea of guilty must be knowingly and voluntarily made." *United States v. Paylor*, 88 F.4th 553, 560 (4th Cir. 2023) (internal quotation marks omitted). Rule 11 of the Federal Rules of Criminal Procedure "outlines the requirements for a district court plea colloquy, designed to ensure that a defendant 'understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant.'" *United States v. Kemp*, 88 F.4th 539, 545 (4th Cir. 2023) (quoting *United States v. Vonn*, 535 U.S. 55, 62 (2002)). "The district court must also 'determine that the plea is voluntary and that there is a factual basis for the plea.'" *Taylor-Saunders*, 88 F.4th at 522. When a defendant contests the validity of a guilty plea for the first time on appeal, we review the challenge only for plain error. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024).

We review the validity and effect of an appeal waiver de novo. *United States v. Lubkin*, 122 F.4th 522, 526 (4th Cir. 2024). "Where 'there is no claim that the United States breached its obligations under the plea agreement,' we enforce an appeal waiver if the record shows (1) 'that the waiver is valid' and (2) 'that the issue being appealed is within the scope of the waiver.'" *Id*. "An appeal waiver is valid 'if the defendant's agreement to the waiver was knowing and intelligent.'" *Id*. "We look at the 'totality of the circumstances,' including the clarity of the waiver's text and 'whether the district court sufficiently explained the waiver' at the defendant's 'plea colloquy.'" *Id*. "We use traditional principles of contract law to determine whether an issue falls within the scope of a valid waiver." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023).

3

Upon our review of the record, we conclude that Barnes' guilty plea and appeal waiver are valid, and the issue in the *Anders* brief falls within the scope of the waiver. In accordance with *Anders*, we have also reviewed the issues raised by Barnes in his pro se supplemental brief and the entire record for any potentially meritorious issues that might fall outside the waiver and have found none. In his pro se brief, Barnes asserts ineffective assistance of trial counsel, which may fall outside the scope of his appeal waiver.

Ineffective assistance of counsel claims are typically "litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation," *Massaro v. United States*, 538 U.S. 500, 505 (2003), but we will consider such claims "on direct review where the ineffectiveness of counsel 'conclusively appears in the trial record itself,'" *United States v. Freeman*, 24 F.4th 320, 331 (4th Cir. 2022) (en banc). Because no ineffective assistance of counsel conclusively appears in the trial record itself, we decline to consider this issue on direct appeal. Barnes should raise his claim, if at all, in a motion under 28 U.S.C. § 2255. We find the remaining issues in the pro se brief are either barred by the appeal waiver or without merit.

Accordingly, we grant the Government's motion to dismiss the appeal in part and affirm the district court's judgment in part. This court requires that counsel inform Barnes, in writing, of his right to petition the Supreme Court of the United States for further review. If Barnes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barnes. We dispense with oral argument because the facts and legal contentions are adequately

4

presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*